IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STEPHEN GIARRATANA,

               *Plaintiff,*

*v.*

CLEAR COMPANY and HUNTER
ENGINEERING COMPANY,

               *Defendants.*

CAUSE NO. 3:25-CV-1-CWR-LGI

**ORDER**

On January 2, 2025, Mr. Stephen Giarratana filed a complaint against ClearCompany and Hunter Engineering Company. Docket No. 1. Giarratana asserts four causes of action: 1) age discrimination; 2) violation of First Amendment rights; 3) breach of contract; and 4) fraud. Defendants have each filed a motion to dismiss for failure to state a claim. Docket Nos. 6 and 11. For the reasons discussed below, Defendants' motions to dismiss are granted.

**I.     Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint "does not need detailed factual allegations," but the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. A claim is plausible when the "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (cleaned up).

When a party is proceeding *pro se*, their filings are to be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted). "A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (cleaned up). Nevertheless, a *pro se* complaint still "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citation omitted).

## II.    Discussion

### A.  Age Discrimination

To make a *prima facie* case of age discrimination under the Age Discrimination in Employment Act ("ADEA") a plaintiff must prove "(1) they are within the protected class; (2) they are qualified for the position; (3) they suffered an adverse employment decision; and (4) they were replaced by someone younger or treated less favorably than similarly situated younger employees." *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003) (cleaned up).

Giarratana's complaint offers very little narrative of what exactly happened to him regarding his employment application process with Hunter Engineering Company and ClearCompany. *See* Docket No. 1 at 5. He expresses generalized frustration that he applied for two roles at Hunter and was denied employment, despite the fact that he had over 30 years of experience. *Id*. This narrative is insufficient to make a *prima facie* case.

Giarratana only touches on the first three elements of an age discrimination claim by pointing out that he was 69 years old at the time, he had over 30 years of experience (that presumably made him qualified for these positions), and that he was not hired. He does not, however, explain how he was treated less favorably than other similarly situated younger

employees. Even though he offers a few more details in a separate filing—Memorandum in Support of Motion for Leave to Amend/Correct the Complaint, Docket No. 18—his narrative is vague as to how he was discriminated against because of age and does not offer evidence that someone younger was treated more favorably or hired instead.

This claim is dismissed.

### B. First Amendment Violation

"A private actor cannot actionably suppress First Amendment rights." *Albright v. Longview Police Dept.*, 884 F.2d 835, 841 (5th Cir. 1989) (cleaned up). Giarratana has not shown that either Hunter or ClearCompany are state actors or acting as state actors. Hunter Engineering Company and ClearCompany are, in fact, private actors. *See* Docket No. 6-2, Exhibit B and Docket No. 11-2, Exhibit 2 (providing the respective state business information pages for these companies). Giarratana, as a matter of law, cannot state a First Amendment claim against Defendants.

This claim is dismissed.

### C. Breach of Contract

"Under Mississippi law, a plaintiff asserting any breach-of-contract claim has the burden to prove by a preponderance of the evidence (1) that a valid and binding contract exists; and (2) that the defendant has broken or breached it without regard to the remedy sought or the actual damage sustained." *White v. Jernigan Copeland Att'ys, PLLC*, 346 So. 3d 887, 896 (Miss. 2022) (quoting *Norman v. Anderson Reg'l Med. Ctr.*, 262 So. 3d 520, 527 (Miss. 2019)). The Complaint does not allege facts sufficient to establish these elements for breach of a contract. Giarratana does not put forth facts to suggest that a valid contract exists.

3

An enforceable contract under Mississippi law requires "(1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *Logan v. RedMed, LLC*, 377 So.3d 956, 962 (Miss. 2024) (citation omitted).

Giarratana only alleges that he applied online to two jobs at Hunter, that he "accepted (twice) by submitting personal information," that ClearCompany works with Hunter, and that he "performed on job-online-application contracts." Docket No. 1 at 5. This is insufficient to support that there was an enforceable contract. If there is no contract, there cannot be a breach of contract.

This claim is dismissed.

**D. Fraud**

Fraudulent misrepresentation under Mississippi law requires:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

*Pace v. Cirrus Design Corp.*, 93 F.4th 879, 889 (5th Cir. 2024) (quoting *Elchos v. Haas*, 178 So.3d 1183, 1198 (Miss. 2015)).

Giarratana provides a one sentence allegation of fraud: "Fraud, 'extrinsic' and 'in the inducement', within 'Count 3' above, is alleged by 'Giar,' plaintiff." Docket No. 1 at 5.

This falls woefully short of the pleading standard under Federal Rule of Civil Procedure 12(b)(6) and also the heightened standard under Rule 9(b), which states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

This claim is dismissed.

### E.  Leave to Amend

Giarratana filed a motion to amend/correct service, Docket No. 15, and a motion to amend/correct the complaint, Docket No. 17. Defendants responded in opposition, noting continued defects in Giarratana's filings. "But a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility [sic] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n. 6 (5th Cir. 2000). The Fifth Circuit further counsels that a district court should not dismiss a claim "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id*. Giarratana has not had multiple opportunities to do so.

The Court *sua sponte* grants Giarratana 14 days to seek leave to amend.[1] *See Metal Processors, Inc. v. Trans. Providers Servs., Inc.*, No. 3:25-CV-214, 2026 WL 637415, at *5 (S.D. Miss. Mar. 6, 2026); *Miller v. Hartfield*, No. 3:23-CV-3041, 2024 WL 2947026, at *2 (S.D. Miss. June 11, 2024). Giarratana's motions to amend, Docket Nos. 15 and 17, are therefore denied as moot.

### III.  Conclusion

Hunter Engineering Company's motion to dismiss, Docket No. 6, and ClearCompany's motion to dismiss, Docket No. 11, are granted, but Giarratana is given 14 days from the date of this Order to seek leave to amend. If Giarratana does not timely seek leave to amend, a final judgment for Defendants shall issue. The pending motions, Docket

---

[1] Giarratana's motion for leave to amend must comply with Uninform Local Rule 15.

5

Nos. 15 and 17, are denied as moot. Giarratana's motion for a status conference, Docket No.

28, is denied without prejudice.

       **SO ORDERED**, this the 30th day of March, 2026.

                    s/ Carlton W. Reeves      
                    UNITED STATES DISTRICT JUDGE